1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6

ANTWONE DORNELL GOOLSBY SR,

7
                  Plaintiff,

8
     v.

9

JOHN CAMPBELL,

                  Defendants.

10

Case No. C19-5321 BHS-TLF

REPORT AND
RECOMMENDATION

Noted for <u>March 20, 2020</u>

11
      This matter is before the Court on defendants' motion to dismiss for failure to

12
state a claim. Dkt. 15. This matter has been referred to the undersigned Magistrate

13
Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. §

14
636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the undersigned

15
recommends that the Court grant defendants' motion.

16
<u>FACTUAL AND PROCEDURAL HISTORY</u>

17
      Antwone Dornell Goolsby, Sr., is an inmate convicted in and under the

18
jurisdiction of Washington State courts. Plaintiff's Complaint, Dkt. 10, at 3. Pursuant to

19
the Interstate Corrections Compact (ICC), codified in Washington as RCW 72.74.020,

20
and the Western Interstate Corrections Compact (WICC), codified in Washington as

21
RCW 72.70.010, the Washington Department of Corrections (DOC) transferred plaintiff

22
to the California state prison system on July 12, 2013. *Id.* Plaintiff is currently

23
incarcerated at the California Men's Colony State Prison in San Luis Obispo, California.

24
*Id.* at 2.

25

REPORT AND RECOMMENDATION - 1

Plaintiff would like to be transferred back to the Washington state prison system, and he asserts that state law under the ICC and WICC confer on him the right to be returned to Washington State custody. Dkt. 10, at 3. Plaintiff claims after a period of five years, any Washington inmate who has been sent outside the state for confinement may "revoke his consent" to the ICC and WICC and be summarily returned to the Washington state prison system. *Id.* He claims that defendants' refusal to transfer him back from California constitutes a violation of state law under the ICC and the WICC. *Id.* Goolsby also claims that his presence in the California prison system denies him the following legal rights that would be available to him in Washington DOC custody: family ties, access to courts, self-advocacy, and the pursuit of happiness. *Id.* at 3.

Plaintiff's complaint did not contain any further facts explaining how those rights have been infringed during his stay in the California prison system. *See* Dkt. 6, at 3. Plaintiff seeks an injunction transferring him back into Washington DOC custody. *Id.* at 4.

DISCUSSION

*Standard of Review*

The Court's review of a motion to dismiss under Federal Rule of Civil Procedure (FRCP) 12(b)(6) is limited to the complaint and documents incorporated into the complaint by reference. *Khoja v. Orexigen Therapeutics Inc.,* 899 F.3d 988, 998 (9th Cir. 2018); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The Court held in *Ashcroft v. Iqbal,* 680 U.S. 662, 678 (2009): "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" must be contained in the complaint in order to survive a motion to dismiss under FRCP 12(b)(6). A pro se complaint must

1  be liberally construed. *Mangiaracina v. Penzone,* 849 F.3d 1191, 1195 (9th Cir. 2017).

2  All material factual allegations in the complaint "are taken as admitted," and the

3  complaint is to be liberally "construed in the light most favorable" to the plaintiff. *Id.*;

4  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

5         To state a claim under 42 U.S.C. § 1983, a complaint must allege: (a) the

6  conduct complained of was committed by a person acting under color of state law, and

7  (b) the conduct deprived a person of a right, privilege, or immunity secured by the

8  Constitution or laws of the United States. *See Parratt v. Taylor*, 451 U.S. 527, 535

9  (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section

10  1983 is the appropriate avenue to remedy an alleged wrong only if both of these

11  elements are present. *See Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

12

13         <u>*Rights under ICC and WICC to Demand Transfer*</u>

14         Plaintiff, citing to both statutes as a whole, claims that the ICC and WICC provide

15  inmates with the right to be transferred back to the custody of the state that sentenced

16  them after five years has passed. Dkt. 10 at 3. Neither the ICC nor the WICC contain

17  such a provision. *See generally*, RCW 72.74.020; RCW 72.70.010. Both agreements

18  allow the Washington DOC to transfer inmates housed out-of-state back into DOC

19  custody, but neither of the agreements mention inmate consent to any custody

20  arrangement, much less that an inmate can demand transfer after any number of years.

21  RCW 72.74.020(4)(c); RCW 72.70.010.

22         Plaintiff argues that when he wrote to Washington state officials to request a

23  transfer back to DOC custody, "he was told" that he would be able to return after five

24

25

REPORT AND RECOMMENDATION - 3

years out of Washington. Plaintiff's Response to Motion to Dismiss, Dkt. 23, at 2. Yet

plaintiff has not alleged any facts indicating that he took any actions or omissions in

reliance on this information, or that plaintiff has suffered any actual deprivation or injury

resulting from the alleged assurance. Plaintiff has presented no authority, and the court

can find none, that would support an injunction forcing his transfer, based on plaintiff's

alleged belief in the advice of unidentified officials, in contravention of the text of the ICC

and WICC.

As plaintiff has not set forth any plausible facts that would state any claim under

Section 1983 of actual deprivation of his rights, privileges, or immunities under the

Constitution or the laws of Washington; his complaint should be dismissed without

prejudice for failure to state a claim.


*Denial of Legal Rights*

Plaintiff also claims that being in California state custody has deprived him of

legal rights that would be available to him in Washington state custody, specifically

access to his family, access to courts, and "self advocation."[1] Dkt. 10 at 3. The ICC and

WICC guarantee that inmates housed out-of-state retain the same rights they would

have if housed in state. RCW 72.74.020(4)(e); RCW 72.70.010.

Plaintiff's complaint has not provided any facts to support his allegations. Plaintiff

argues that the mere fact of being in California prison custody unjustly situates him far

from his family in Washington. Dkt. 23, at 6. Plaintiff's response to the motion to dismiss

---

[1] Plaintiff also claims his right to pursuit of happiness has been violated. Dkt. 10, at 3. There is no legal authority that would support happiness as a right capable of being enforced under Section 1983.

REPORT AND RECOMMENDATION - 4

1  indicates that he is denied phone calls and visits in California, and he asserts that he

2  should be housed closer to his children, their mother, and "other family members" in

3  Washington state. *Id.* at 6-7. Even if plaintiff were permitted to amend his complaint to

4  include these allegations, he would fail to state a claim under 42 U.S.C. § 1983,

5  because neither the Fourteenth Amendment nor Washington state law grants inmates a

6  right to family visitation. *Toussaint v. McCarthy*, 801 F.2d 1080, 1113 (9th Cir. 1986),

7  *cert. denied*, 481 U.S. 1069 (1987).

8        Where there is no violation of a fundamental right or the existence of a suspect

9  classification, prison officials need only show that their policies bear a rational relation to

10  a legitimate penological interest in order to satisfy the equal protection clause. *See*

11  *Turner v. Safley*, 482 U.S. 78, 89-90 (1987); *Coakley v. Murphy*, 884 F.2d 1218, 1221-

12  22 (9th Cir. 1989). Yet plaintiff's complaint contains no mention of any policy under

13  which plaintiff has attempted to seek visitation and thereby been denied. *See* Dkt. 10.

14  Neither has plaintiff's response to the motion to dismiss indicated the existence of any

15  facts relevant to an inquiry of the penological interests of defendants' visitation policies.

16  *See* Dkt. 23. Without any policy to protest, plaintiff's injury is impossible to determine.

17        The undersigned construes plaintiff's claims regarding access to courts and self-

18  advocacy as functionally identical and will address them together as a claim for denial of

19  access to courts. The undersigned takes judicial notice that plaintiff has previously

20  unsuccessfully challenged his access to courts. *See Goolsby v. Rohrer*, No. C14–5577

21  RBL–JRC, 2015 WL 860459, (W.D. Wash. Jan. 29, 2015) ("*Goolsby I*").

22        In that case, plaintiff's claim was dismissed on summary judgment for failure to

23  state a claim, based on a lack of evidence showing the personal participation of any

24

25

REPORT AND RECOMMENDATION - 5

defendant in any alleged denial of access to court. *Id.* at *5. Plaintiff's instant suit raises the same claim and has the same lack of any facts showing any defendant's personal participation in violating his right to access the court. *See* Dkt. 10, Dkt. 23. Plaintiff's conclusory allegations are insufficient to state a claim.

Plaintiff argues in his response that in California custody, he has not received Washington-specific legal materials and that there are no Washington law books in the prison law library. Dkt. 23, at 6, 7. He does not describe any efforts he has made to obtain Washington legal materials, and he does not allege any actions taken by the defendant to prevent him from accessing such materials. The lack of Washington-related books in plaintiff's facility law library does not, on its own, indicate that any defendant has interfered with plaintiff's ability to access legal resources. Based on court filings in plaintiff's prior case, plaintiff has been made aware of procedures by which he could access legal resources relevant to his own case. *Goolsby I*, Dkt. 17-1, at 42-43 (containing a letter to plaintiff from then-defendant Rohrer on September 9, 2014 with an attached list of attorneys on contract to provide legal materials and research to out-of-state inmates). Even if plaintiff were permitted to amend his complaint to add these facts, he would fail to state a claim because there is a lack of facts showing any defendant's personal participation in a denial of plaintiff's access to courts.

*Dismissal without Prejudice and With Leave to Amend*

The Court must freely grant a *pro se* plaintiff leave to amend his complaint. Federal R. of Civ. P. 15(a); *see Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015). Even so, leave to amend need not be granted "where the amendment would be futile or

where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

Plaintiff's complaint fails to allege any facts that create a plausible claim for relief, and his response to defendants' motion suggest that he can provide no facts to cure this substantive deficiency. Despite this, plaintiff has not yet been afforded the opportunity to amend his original complaint. Accordingly, the Court should dismiss plaintiff's claims without prejudice and grant plaintiff leave to amend his complaint.

## IN FORMA PAUPERIS STATUS ON APPEAL

The Court must also decide whether plaintiff's *in forma pauperis* status should continue on appeal. *See* 28 U.S.C. §1915(a)(3) ("an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith"). Based on the frivolous nature of plaintiff's claims, the Court recommends that *in forma pauperis* status should not continue on appeal.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court find plaintiff has failed to allege facts constituting a cognizable claim for relief and therefore that it **grant** defendants' motion to dismiss for failure to state a claim. Furthermore, the undersigned recommends that this action be counted as a **strike** against plaintiff with respect to the *in forma pauperis* filing requirements of 28 U.S.C. § 1915(g).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

   The parties have **fourteen (14) days** from service of this Report and

Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 72(b);

*see also* FRCP 6. Failure to file objections will result in a waiver of those objections for

purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above

time limit, the Clerk shall set this matter for consideration on **March 20, 2020**, as noted

in the caption.

   Dated this 2nd day of March, 2020.

Theresa L. Fricke
United States Magistrate Judge