|   |   |
|---|---|
| ANTWONE DORNELL GOOLSBY, SR., <br><br> Plaintiff, <br><br> v. <br><br> JOHN CAMPBELL, et al., <br><br> Defendants. | Case No. 3:19-cv-5321- BHS-TLF <br><br> REPORT AND RECOMMENDATION <br><br> Noted for May 28, 2021 |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

This matter is before the Court on defendants' motion to dismiss for failure to state a claim. Dkt. 40. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the undersigned recommends that the Court grant defendants' motion.

I. BACKGROUND

Antwone Dornell Goolsby, Sr., plaintiff, has filed this amended complaint alleging constitutional violations under 42 U.S.C. § 1983. Dkt. 39. Plaintiff is currently incarcerated at the California Men's Colony State Prison in San Luis Obispo, California. Plaintiff's Amended Complaint, Dkt. 39, at 2.

Plaintiff claims that he was transferred to the California prison system and out of the custody of the Washington Department of Corrections ("DOC") without due process. Plaintiff alleges that no hearing or notice was provided to him before his transfer, and he credits this decision to multiple DOC officials: defendants John Campbell, Nason Weller,

REPORT AND RECOMMENDATION - 1

Steve Eckstrom, Karie Rainer, Kay Priest, Kerry Lawrence, Suzanne Villancourt, and unnamed Doe defendants.

Plaintiff alleges that "[i[n 2002 the California Department of Corrections and Rehabilitations (CDCR) admitted that the prison medical and mental health care was unconstitutionally deficient." Dkt. 39, at 6. He argues that his presence in California prison system therefore means he has been denied constitutionally mandated medical care for his "severe mental disabilities," which have worsened during his incarceration in California. *Id.*

Plaintiff also alleges that the named defendants collectively recommended attorneys and legal aid organizations to assist plaintiff, but these entities have not responded to plaintiff's communications. Dkt. 39, at 7. Plaintiff alleges that without assistance, he has been unable to research relevant Washington law and has missed court deadlines. *Id.* He contends that this situation constitutes interference with his access to the Court. *Id.*

Plaintiff would like to be transferred back to the Washington state prison system. Plaintiff seeks an injunction transferring him back into Washington DOC custody, as well as damages and costs for his claims. Dkt. 39, at 9.

## II.   DISCUSSION

A.   Standard of Review

The Court's review of a motion to dismiss under Federal Rule of Civil Procedure (FRCP) 12(b)(6) is limited to the complaint and documents incorporated into the complaint by reference. *Khoja v. Orexigen Therapeutics Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The Court held in *Ashcroft v. Iqbal,* 680 U.S. 662, 678 (2009): "sufficient factual matter, accepted

REPORT AND RECOMMENDATION - 2

as true, to state a claim to relief that is plausible on its face" must be contained in the complaint in order to survive a motion to dismiss under FRCP 12(b)(6). A pro se complaint must be liberally construed. *Mangiaracina v. Penzone,* 849 F.3d 1191, 1195 (9th Cir. 2017). All material factual allegations in the complaint "are taken as admitted," and the complaint is to be liberally "construed in the light most favorable" to the plaintiff. *Id.*; *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (a) the conduct complained of was committed by a person acting under color of state law, and (b) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *See Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

B. <u>Due Process</u>

Plaintiff asserts that he has a due process right to notice and hearing before he is transferred to any out-of-state facility. Yet the Due Process Clause of the Fourteenth Amendment, in and of itself, does not guarantee a prisoner the right to any particular prison placement. *Meachum v. Fano*, 427 U.S. 215, 224 (1976). States may accord prisoners greater rights to protection from "atypical and significant hardship . . . in relation to the ordinary incidents of prison life," which may create liberty interests protected by the Due Process Clause. *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Where State officials retain discretionary power to make decisions over prison administration, even if inmates' interests may be considered in the decision-making process, the State has not created a protected interest. *Swarthout v. Cooke*, 562 U.S. 216, 221-22 (2011); *Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 278 (1998) (citing *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983).

Though Washington by statute authorizes transfer of a state prisoner to a prison in another state, the State confers no right on the prisoner to remain in Washington. *See* RCW § 72.74.010-70 (codifying the Interstate Corrections Compact) (1983); RCW § 72.70.010-60, 900 (codifying the Western Interstate Corrections Compact) (2020); Wash. Admin. Code § 137 (state regulations governing the DOC) (2020). Plaintiff has cited no authority indicating that decisions to transfer a prisoner from Washington to any other state prison system are conditioned on notice and hearing, or are subject to non-discretionary considerations; indeed, transfer between state prisons is a typical occurrence contemplated by incarceration. *See Olim*, 461 U.S. at 247 ("Confinement in another State, unlike confinement in a mental institution, is "within the normal limits or range of custody which the conviction has authorized the State to impose."") (quoting *Meachum*, 427 U.S. at 225).

As plaintiff has not asserted a deprivation of a protected due process right, his due process claim should be dismissed for failure to state a claim.

C. <u>Medical Care</u>

Plaintiff has not alleged sufficient facts to state a claim for deprivation of medical care under the Eighth Amendment. To state an Eighth Amendment claim relating to medical care, a plaintiff must include factual allegations that a state actor acted, or failed

to act, in a manner that shows deliberate indifference to his serious medical needs. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). A plaintiff alleging a claim of deliberate indifference must prove two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992). This includes "both an objective standard — that the deprivation was serious enough to constitute cruel and unusual punishment — and a subjective standard — deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

Regarding plaintiff's medical need, plaintiff alleges that he has "severe mental disabilities requiring a level of care that is not available" in his California prison facility, but he has not provided any facts to demonstrate the nature of his medical need or the care he requires. Dkt. 39, at 6. The Court cannot glean the seriousness of plaintiff's medical need based on a conclusory allegation of worsening severe mental disabilities.

Furthermore, although plaintiff alleges that his facility is *per se* constitutionally deficient in medical care, he has not specifically alleged what deprivation or injury to his health resulted from the defendants' decision to transfer, which is essential to any Section 1983 claim. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976) (A plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant.). Neither does the complaint allege the personal participation of any defendant in plaintiff's medical care. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

1    Accordingly, plaintiff has failed to state a claim for violation of his constitutional
2 right to medical care, and this claim should be dismissed.

   D. <u>Access to Courts</u>

   Plaintiff alleges that that being in California state custody has deprived him of the use of Washington state law books and that he has been unable to access sources of legal assistance recommended by the defendants. He asserts that his inability to review Washington state law has caused him to miss deadlines in other, unspecified cases before this Court, concluding that his lack of access has resulted in the dismissal of plaintiff's civil claims and his failure to comply with Court requirements in his criminal case and appeal.

   The undersigned takes judicial notice that plaintiff has previously unsuccessfully challenged his access to courts, in light of plaintiff's reference to prior dismissed legal claims. *See Goolsby v. Rohrer*, No. C14–5577 RBL–JRC, 2015 WL 860459, (W.D. Wash. Jan. 29, 2015) ("Goolsby I"). In that case, plaintiff's claim was dismissed on summary judgment for failure to state a claim, based on a lack of evidence showing the personal participation of any defendant in any alleged denial of access to court. *Id*. at *5.

   Plaintiff's instant suit has the same lack of facts showing any defendant's personal participation in violating his right to access the court. *See* Dkt. 39, 6-7. He has not alleged any actions taken by the defendants that would prevent plaintiff from accessing Washington legal materials. *Id.* Moreover, plaintiff's complaint merely alleges that the defendants collectively decided to transfer him to a California prison and is devoid of specific conduct undertaken by any individual defendant. *Id.* Whether plaintiff

REPORT AND RECOMMENDATION - 6

has access to Washington law materials in his current facility is not indicative that any defendant has interfered with plaintiff's ability to access legal resources.

Plaintiff himself alleges that WDOC officials have advised plaintiff of attorneys and organizations who may provide him legal assistance. Dkt. 39, at 7; *see also Goolsby I*, Dkt. 17-1, at 42-43 (containing a letter to plaintiff from then-defendant Rohrer on September 9, 2014 with an attached list of attorneys on contract to provide legal materials and research to out-of-state inmates). Plaintiff alleges that "their" failure to respond to his request for assistance demonstrates that defendants provided plaintiff inadequate access to pursue his claims. *Id.* The Court construes this as an assertion that the attorneys who failed to provide legal assistance were subordinate to the named defendants, so the defendants should be held liable.

A § 1983 action may not be brought against a supervisor on a theory that the supervisor is liable for the acts of his or her subordinates. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Instead, only the individual actions of the defendants – whether participation or direction of the alleged violation, or knowing of the violation and failing to act to prevent it – can make a defendant liable for violations under his or her supervision. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999). Since plaintiff fails to allege the personal participation of any defendant in denial of his access to the Court, this claim should be dismissed.

E. Dismissal with Prejudice

The Court must freely grant a pro se plaintiff leave to amend his complaint. Fed. R. of Civ. P. 15(a); *see Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015). Even so, leave to amend need not be granted "where the amendment would be futile or where

REPORT AND RECOMMENDATION - 7

the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

Plaintiff fails to state a due process claim as a matter of law, concerning the claim that defendants transferred him from one prison to another, because there is no Constitutional right to avoid such a transfer; he also fails to allege sufficient facts to substantiate plausible claims for denial of medical care and access to courts. This amended complaint follows the Court having previously advised plaintiff of these deficiencies: that plaintiff must assert a violation of a protected Constitutional or federal right and must allege defendants' personal participation in any purported violation. Dkt. 25, at 5-6. Furthermore, there are no plausible amendments that would state a claim for which plaintiff's prayer for injunctive relief and return to a Washington state prison would be the appropriate remedy. Accordingly, plaintiff should not be granted further leave to amend his complaint.

Because plaintiff already has been granted the opportunity to state a viable constitutional claim by filing an amended complaint – but the amended complaint remains fatally deficient without any indication the deficiencies discussed above can be cured – dismissal with prejudice is proper.

### III.   IN FORMA PAUPERIS STATUS ON APPEAL

The Court must also decide whether plaintiff's *in forma pauperis* status should continue on appeal. *See* 28 U.S.C. §1915(a)(3) ("an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith").  The Court must determine whether appeal is frivolous or malicious, or whether it fails to state a claim on which relief may be granted. *See* 28 U.S.C. §1915(e)(2)(B)(i)&(ii).

While the Court was not persuaded on the merits of plaintiff's claim, there is no evidence that his appeal is frivolous or is taken in bad faith. Accordingly, the Court recommends that *in forma pauperis* status should continue on appeal.

IV. <u>CONCLUSION</u>

Based on the foregoing discussion, the undersigned recommends that the Court find that plaintiff has failed to state a claim under 42 U.S.C. § 1983 and therefore GRANT defendants' motion to dismiss with prejudice.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **May 28, 2021**, as noted in the caption.

Dated this 10th day of May, 2021.

Theresa L. Fricke
United States Magistrate Judge